1    BRUCE NYE, SBN 77608
     GEORGES A. HADDAD, SBN 241785
2    GINA A. HARAN, SBN 225586
     ADAMS | NYE | BECHT | LLP
3    222 Kearny Street, Seventh Floor
     San Francisco, California 94108-4521
4    Telephone: (415) 982-8955
     Facsimile:  (415) 982-2042
5    E-mail:    bnye@adamsnye.com
            ghaddad@adamsnye.com
6             gharan@adamsnye.com
     Attorneys for Defendant
7    WHIRLPOOL CORPORATION

8            UNITED STATES DISTRICT COURT FOR THE

9              NORTHERN DISTRICT OF CALIFORNIA

11    ALLSTATE INSURANCE COMPANY,

            No.

12            Plaintiff,

     **NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13            vs.

14    WHIRLPOOL CORPORATION and DOES
     1 to 20,

     (DIVERSITY JURISDICTION)

16            Defendants.

     (Alameda County Superior Court No. RG15760975)

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

DISTRICT OF CALIFORNIA:

     Defendant Whirlpool Corporation ("Whirlpool"), by and through its undersigned attorneys, hereby removes this case to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. The basis for removal is as follows:

     1.      On March 3, 2015, Plaintiff filed its Complaint in Subrogation for Property Damages captioned *Allstate Insurance Company v. Whirlpool Corporation, Does One through Twenty,* Case No. RG 15760975 in the Superior Court of California, County of Alameda, State of California. Whirlpool was served with a copy of the Plaintiff's Complaint on March 10, 2015 on its designated agent for service of process, Corporation Service Company. A true and correct copy of Plaintiff's Complaint and all process received and Whirlpool State Court Answer are attached as **Exhibit A.**

2.　The Complaint named Whirlpool Corporation as a defendant. (See **Exhibit A**, Plaintiff's Complaint.)

3.　According to the Complaint, Plaintiff Allstate Insurance Company is an Illinois Corporation authorized to do business in California. (See **Exhibit A**, Plaintiff's Complaint.) Plaintiff Allstate Insurance Company has its principal place of business in the State of Illinois, and for purposes of jurisdiction is, and at all times was a citizen of the State of Illinois.

4.　At the time of both the filing of Plaintiff's Complaint and this Notice of Removal, Defendant Whirlpool was a Delaware corporation with its principal place of business located at 2000 M-63, Benton Harbor, Michigan. Thus, for jurisdictional purposes, Defendant Whirlpool is, and at all times was a citizen of both Delaware, its state of incorporation, and Michigan, where its principal place of business is located.

5.　Plaintiff is demanding an amount in controversy, exclusive of interests and costs, in excess of the jurisdictional minimum set forth in 28 U.S.C. § 1332(a). (See **Exhibit A**, Plaintiff's Complaint.)

6.　This Notice of Removal ("Notice") is premised upon this Court's diversity jurisdiction under 28 U.S.C. § 1332(a).

7.　This Notice is procedurally proper because Defendant Whirlpool timely filed this notice within 30 days of receiving Plaintiff's Complaint, see 28 U.S.C. § 1446(b); complete diversity exists under 28 U.S.C. § 1332(a) as Plaintiff and Defendant Whirlpool are citizens of different states, Illinois, Delaware, and Michigan; and the amount in controversy exceeds $75,000, exclusive of interest and costs, under 28 U.S.C. § 1332(b) based upon Plaintiff's Prayer for Relief in the amount of $199,599.10. (See **Exhibit A**, Plaintiff's Complaint.)

8.　Defendant Whirlpool will provide Plaintiff with written notification of the Notice and will file a copy with the Superior Court, County of Alameda, State of California (see **Exhibit B**), pursuant to 28 U.S.C. § 1446(a) and (d).

9.　Under 28 U.S.C. § 1441, a defendant may remove the action to the district court of the United States for the district and division embracing the place where the action is pending. Plaintiff

///

1  | filed its Complaint in Alameda County, California and thus this case is removable to the United States

2  | District Court for the Northern District of California.

3  |     WHEREFORE, Defendant Whirlpool Corporation hereby removes this action from Superior

4  | Court, County of Alameda, State of California, Case No. RG 15760975, to the United States District

5  | Court for the Northern District of California.

6

7  | DATED: March 31, 2015                     ADAMS | NYE | BECHT | LLP

8

9  |                             By:       _____

10 |                                    BRUCE NYE

                                   GEORGES A. HADDAD

11 |                                    GINA A. HARAN

                                   Attorneys for Defendant

12 |                                    WHIRLPOOL CORPORATION

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
FOR THE NORTHERNDISTRICT OF CALIFORNIA

**PROOF OF SERVICE**

I am over the age of eighteen years, not a party to the above-captioned matter, and employed by Adams | Nye | Becht  LLP at 222 Kearny Street, Seventh Floor, San Francisco, California, where the service described below took place on the date set forth below.

**Person(s) Served**:

See attached "**Service List**."

**Document Served**:

### NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

**Manner of Service**:

[X] **Mail:** I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service: such correspondence is deposited with the United States Postal Service on the same day in the ordinary course of business in the county where I work.  On the date set forth below, at my place of business, following ordinary business practices, I placed for collection and mailing by deposit in the United States Postal Service a copy of each Document Served, enclosed in a sealed envelope, with the postage thereon fully prepaid, each envelope being addressed to one of the Person(s) Served, in accordance with Code of Civil Procedure 1013(a).

[ ] **Facsimile:** I transmitted by facsimile a copy of each Document Served mentioned above to each Person Served mentioned above pursuant to Code of Civil Procedure 1013(e).

[ ] **Personal service:** I caused a copy of each Document Served to be hand delivered to each Person Served pursuant to Code of Civil Procedure 1011.  If required, the actual server's original proof of personal service will be filed with the court.

[ ] **Express Mail (U.S. Post Office):** I deposited in a post office, mailbox, or other like facility regularly maintained by the United States Postal Service for receipt of Express Mail a copy of each Document Served in a sealed envelope with Express Mail postage paid, each envelope being addressed to each Person Served as mentioned above in accordance with Code of Civil Procedure 1013(c).

[ ] **Express Mail (other express service carrier):**  I deposited in a box or other like facility regularly maintained by an express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, a copy of each Document Served in an envelope or package designated by the express service carrier with delivery fees paid or provided for, each envelope being addressed to each Person Served in accordance with Code of Civil Procedure 1013 (c).

[ ] **Electronic service:**  I caused a copy of each Document Served to be electronically served via File & ServeXpress on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:   March 3), 2015

Fern Marder

4

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
FOR THE NORTHERNDISTRICT OF CALIFORNIA

1

**SERVICE LIST**

2

| Eric M. Schroeder | Attorney for Allstate Insurance Company |
|---|---|
| Culbreth Schroeder LLP | |
| 2945 Ramco Street, Suite 110 | Tel:    (916) 438-8300 |
| West Sacramento, CA  95691 | Fax:    (916) 438-8306 |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
FOR THE NORTHERNDISTRICT OF CALIFORNIA

# EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Eric M. Schroeder. Esq 153521<br>Culbreth Schroeder LLP<br>2945 Ramco Street, Suite 110<br>West Sacramento, CA 95691<br>TELEPHONE NO.: (916) 438-8300   FAX NO.: (916) 438-8306<br>ATTORNEY FOR *(Name):* Allstate Insurance Company | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>MAR 03 2015<br><br>CLERK OF THE SUPERIOR COURT<br>By_____<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1221 Oak Street, 3rd Floor
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Civil Divison

CASE NAME: Allstate v. Whirlpool

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: RG15760975 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter | [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [X] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* TWO
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 11, 2015

Eric M. Schroeder, Esq.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

Martin Dean's
ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

E51936 – Middleswart

 

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

E51936 – Middleswart

**SUMMONS**
**(CITACIÓN JUDICIAL)**

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Whirlpool Corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Allstate Insurance Company

ENDORSED
FILED
ALAMEDA COUNTY

MAR 0 3 2015

CLERK OF THE SUPERIOR COURT
By _____ Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, County of Alameda 1221 Oak Street, 3rd Floor Oakland, CA 94612 | CASE NUMBER: *(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric M. Schroeder, Esq.               Culbreth Schroeder LLP
2945 Ramco Street, Suite 110          (916) 438-8300
West Sacramento, CA 95691

DATE:  MAR 0 3 2015            Clerk, by _____, Deputy
*(Fecha)*                      *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Whirlpool Corporation
   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**SUMMONS**
Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

E51936 – Middleswart

PLD-PI-001

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>─ Eric M. Schroeder. Esq. 153521<br>Culbreth Schroeder LLP<br>2945 Ramco Street, Suite 110<br>West Sacramento, CA 95691<br>**TELEPHONE NO.:** (916) 438-8300   **FAX NO.**(Optional): (916) 438-8306<br>**E-MAIL ADDRESS** (Optional): emschroeder@calsubro.com<br>**ATTORNEY FOR** (Name): Allstate Insurance Company | **FOR COURT USE ONLY** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda<br>**STREET ADDRESS:** 1221 Oak Street, 3rd Floor<br>**MAILING ADDRESS:**<br>**CITY AND ZIP CODE:** Oakland, CA 94612<br>**BRANCH NAME:** Civil Division | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>MAR 0 3 2015<br><br>CLERK OF THE SUPERIOR COURT<br>by _____<br>Deputy |
| **PLAINTIFF:** Allstate Insurance Company<br><br>**DEFENDANT:** Whirlpool Corporation<br><br>[X] **DOES 1 TO** 20 | |
| **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**<br>[ ] **AMENDED** *(Number):*<br>**Type** *(check all that apply):*<br>[ ] MOTOR VEHICLE   [X] OTHER *(specify):* Insurance<br>[ ] Property Damage   [ ] Wrongful Death<br>[ ] Personal Injury   [X] Other Damages *(specify):*<br>Subrogation | |
| **Jurisdiction** *(check all that apply):*<br>[ ] ACTION IS A LIMITED CIVIL CASE<br>Amount demanded [ ] does not exceed $10,000<br>[ ] exceeds $10,000, but does not exceed $25,000<br>[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>[ ] from limited to unlimited<br>[ ] from unlimited to limited | **CASE NUMBER:**<br><br>RG15760975 |

1. Plaintiff *(name or names):* Allstate Insurance Company

   alleges causes of action against defendant *(name or names):* Whirlpool Corporation

2. This pleading, including attachments and exhibits, consists of the following number of pages: Five
3. Each plaintiff named above is a competent adult
   a. [X] except plaintiff *(name):* Allstate Insurance Company
      (1) [X] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor   [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   b. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor   [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007]   **COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death**   Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov

E51936 - Middleswart

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Allstate v. Whirlpool | |

4. ☐ Plaintiff (name):

    is doing business under the fictitious name (specify):

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

  a. ☒ except defendant (name):
      Whirlpool Corporation
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

  c. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

  b. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

  d. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
  a. ☒ Doe defendants (specify Doe numbers): 1 to 10 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
  b. ☒ Doe defendants (specify Doe numbers): 11 to 20 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
  a. ☐ at least one defendant now resides in its jurisdictional area.
  b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, and
  a. ☐ has complied with applicable claims statutes, or
  b. ☐ is excused from complying because (specify):

PLD-PI-001

| SHORT TITLE:<br>Allstate v. Whirlpool | NUMBER: |
|---|---|

10.  The following causes of action are attached and the statements above apply to each (each complaint must have one or more causes of action attached):
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☒ Products Liability
   e. ☐ Premises Liability
   f. ☐ Other (specify) :

11.  Plaintiff has suffered
   a. ☐ wage loss
   b. ☐ loss of use of property
   c. ☐ hospital and medical expenses
   d. ☐ general damage
   e. ☐ property damage
   f. ☐ loss of earning capacity
   g. ☒ other damage (specify) :
      Payments made to and on behalf of Plaintiff's Insured pursuant
      to a policy of insurance, to wit $198,599.10 including the
      Insured's $1,000 deductible.  Plaintiff also seeks prejudgment
      interest at the legal rate.

12. ☐  The damages claimed for the wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13.  The relief sought in this complaint is within the jurisdiction of this court.

14.  Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a.  (1) ☒ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is (in cases for personal injury or wrongful death, you must check (1)):
      (1) ☒ according to proof
      (2) ☒ in the amount of: $        198,599.10

15. ☒  The paragraphs of this complaint alleged on information and belief are as follows (specify paragraph numbers):
      All paragraphs.

Date: February // , 2015

Eric M. Schroeder, Esq.
(TYPE OR PRINT NAME)

▶

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

Martin Dean's ESSENTIAL FORMS™

COMPLAINT-Personal Injury, Property
Damage, Wrongful Death

E51936 - Middleswart

PLD-PI-001(2)

| SHORT TITLE: | | | NUMBER: |
|---|---|---|---|
| Allstate v. Whirlpool | | | |

___First___     **CAUSE OF ACTION- General Negligence**     Page ___Four___
(number)

ATTACHMENT TO ☒ Complaint    ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: Allstate Insurance Company

alleges that defendant *(name)*: Whirlpool Corporation

☒ Does ___1___ to ___20___

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*: or about July 21, 2013
at *(place)*: or near 988 42nd St., Unit A & B Oakland, CA 94608

*(description of reasons for liability)* :

1. At all times relevant, including July 21, 2013, Dale Middleswart (hereinafter "INSURED") was the owner of the real property located at 988 42nd St., Unit A & B Oakland, CA 94608 (hereinafter "SUBJECT PROPERTY").

2. At all times relevant, including July 21, 2013, Plaintiff Allstate Insurance Company (hereinafter "ALLSTATE") issued a policy of insurance (hereinafter "POLICY") insuring against loss or damage to the SUBJECT PROPERTY.

3. Defendant Whirlpool Corporation (hereinafter "WHIRLPOOL") is, and at all times mentioned in this complaint was,
in the business of manufacturing, designing, constructing, distributing, assembling, marketing, and selling various types of major Maytag Performa Refrigerator (Model No. PTB1553GRW), home appliances, including the (hereinafter "SUBJECT PRODUCT").

4. At all times relevant, including July 21, 2013, the SUBJECT PRODUCT was installed within the SUBJECT PROPERTY.

7. At all times mentioned in this complaint, Defendants WHIRLPOOL and DOES 1 to 20 so negligently and carelessly designed, manufactured, constructed, assembled, distributed, marketed, and sold the SUBJECT PRODUCT that the SUBJECT PROPERTY malfunctioned and started a fire which caused extensive damage to the SUBJECT PROPERTY.

8. As a direct and proximate result of the negligence of Defendants, Plaintiff ALLSTATE, pursuant to the terms of the POLICY, paid to and of behalf of the INSURED damages in the sum of $198,599.10 including the Insured's $1,000 deductible, and thereby became subrogated to all of the INSURED'S rights and remedies to pursue all those responsible for this loss. Plaintiff seeks reimbursement plus interest at the legal rate.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) (Rev. January 1, 2007)

Martin Dean's
ESSENTIAL FORMS™

**CAUSE OF ACTION- General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

E51936 - Middleswart

PLD-PI-001(5)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Allstate v. Whirlpool | |

Second _____     **CAUSE OF ACTION- Products Liability**     Page Five _____
(number)

ATTACHMENT TO ☒ Complaint    ☐ Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name)*: Allstate Insurance Company

Prod. L-1. On or about *(date)*: July 21, 2013     plaintiff was injured by the following product:
     Maytag Performa Refrigerator (Model NO. PTB1553GRW)

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects. The product was defective when it left the control of each defendant. The product at the time of injury was being
    ☒ used in the manner intended by the defendants.
    ☒ used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.

Prod. L-3. Plaintiff was a
    ☐ purchaser of the product.          ☐ user of the product.
    ☐ bystander to the use of the product.      ☒ other *(specify)*: Insurer of user
                                                        of product

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

Prod. L-4. ☒ Count One-Strict liability of the following defendants who
    a. ☒ manufactured or assembled the product *(names)*:
       Whirlpool Corporation; and

          ☒ Does 1 _____ to 20 _____
    b. ☒ designed and manufactured component parts supplied to the manufacturer *(names)*:
       Whirlpool Corporation; and

          ☒ Does 1 _____ to 20 _____
    c. ☒ sold the product to the public *(names)*:
       Whirlpool Corporation; and

          ☒ Does 1 _____ to 20 _____
Prod. L-5. ☒ Count Two-Negligence of the following defendants who owed a duty to plaintiff *(names)*:
       Whirlpool Corporation; and

          ☒ Does 1 _____ to 20 _____
Prod. L-6. ☒ Count Three-Breach of warranty by the following defendants *(names)*:
       Whirlpool Corporation; and

          ☒ Does 1 _____ to 20 _____
    a. ☒ who breached an implied warranty
    b. ☐ who breached an express warranty which was
         ☐ written   ☐ oral
Prod. L-7. ☐ The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
       ☐ listed in Attachment-Prod. L-7   ☐ as follows:

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(5) [Rev. January 1, 2007]

**CAUSE OF ACTION - Products Liability**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

ESSENTIAL FORMS

E51936 - Middleswart



## Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

### What Are The Advantages Of Using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  - o **Judicial Arbitration Program (non-binding)**: The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  - o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |
| **SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME | |
| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | |
| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1.  Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

    Date:                          Time:                          Department:

2.  Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

    ☐ Court mediation          ☐ Judicial arbitration
    ☐ Private mediation        ☐ Private arbitration

3.  All parties agree to complete ADR within 90 days and certify that:

    a.  No party to the case has requested a complex civil litigation determination hearing;
    b.  All parties have been served and intend to submit to the jurisdiction of the court;
    c.  All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
    d.  Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
    e.  Case management statements are submitted with this stipulation;
    f.  All parties will attend ADR conferences; and,
    g.  The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____            ▶ _____
(TYPE OR PRINT NAME)                             (SIGNATURE OF PLAINTIFF)


Date:

_____            ▶ _____
(TYPE OR PRINT NAME)                             (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Form Approved for Mandatory Use<br>Superior Court of California,<br>County of Alameda<br>ALA ADR-001 [New January 1, 2010] **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** Cal. Rules of Court, rule 3.221(a)(4)

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____        ▶  _____
         (TYPE OR PRINT NAME)                          (SIGNATURE OF DEFENDANT)

Date:

_____        ▶  _____
         (TYPE OR PRINT NAME)                     (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

### *Superior Court of California, County of Alameda*



### *Notice of Assignment of Judge for All Purposes*

Case Number: RG15760975
Case Title:    Allstate Insurance Company VS Whirlpool Corporation
Date of Filing: 03/03/2015

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Delbert C. Gee** |
| **Department:** | **510** |
| **Address:** | **Hayward Hall of Justice** |
| | **24405 Amador Street** |
| | **Hayward  CA  94544** |
| **Phone Number:** | **(510) 690-2719** |
| **Fax Number:** | **(510) 267-1527** |
| **Email Address:** | **Dept.510@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law. (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

## General Procedures

Following assignment of a civil case to a specific department, all pleadings must be filed at the court facility where that department is located. The René C. Davidson Courthouse is the filing location for departments situated in the Alameda County Administration Building and the United States Post Office (see Local Rule, rule 1.9(d) effective as of 01/01/2013). All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Delbert C. Gee
DEPARTMENT 510

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Courtesy copies of all law and motion papers filed with the Court are to be delivered directly to Department 510.

Tentative rulings for case management conferences can be viewed in the Register of Actions. The tentative ruling will become the order of the court if there is no appearance by any party. Any party submitting to a tentative ruling should contact all other parties before not appearing.

## Schedule for Department 510

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Monday through Thursday starting at 8:30 a. m. to 1:30 p.m.

- Case Management Conferences are held: Initial Case Management Conferences: Monday through Thursday at 2:30 p.m. and Fridays at 8:45 a.m.

- Case Management Conference Continuances: Monday through Thursday at 2:30 p.m. and Friday at 8:45 a.m.

- Law and Motion matters are heard: Tuesday at 2:30 p.m. and Friday at 1:30 p.m.

- Settlement Conferences are heard: Monday through Thursday at 9:00 a.m.

- Ex Parte matters are heard: Monday through Thursday at 2:30 p.m. Reservations are required.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:          Dept.510@alameda.courts.ca.gov

- Ex Parte Matters
  Email:          Dept.510@alameda.courts.ca.gov

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 510

- Phone:  1-866-223-2244

Dated:  03/05/2015          *Winifred Y. Smith* Facsimile
                                                  _____
                                                  Presiding Judge,
                                Superior Court of California, County of Alameda

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/06/2015

By          _____
                              Deputy Clerk

CULBRETH SCHROEDER LLP
Attn: Schroeder, Eric M.
2945 Ramco Street
Suite 110
West Sacramento, CA 95691____

## Superior Court of California, County of Alameda

Allstate Insurance Company
**Plaintiff/Petitioner(s)**

VS.

Whirlpool Corporation
**Defendant/Respondent(s)**
(Abbreviated Title)

No. <u>RG15760975</u>

**NOTICE OF CASE MANAGEMENT
CONFERENCE AND ORDER**
Unlimited Jurisdiction

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 07/17/2015<br>Time: 08:45 AM | Department: 510<br>Location: **Hayward Hall of Justice**<br>**2nd Floor**<br>**24405 Amador Street, Hayward CA 94544**<br>Internet: **http://www.alameda.courts.ca.gov** | Judge: **Delbert C. Gee**<br>Clerk: **Danielle Labrecque**<br>Clerk telephone: **(510) 690-2719**<br>E-mail:<br>**Dept.510@alameda.courts.ca.gov**<br>Fax: **(510) 267-1527** |
|---|---|---|

### ORDERS

1. You must:
   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. **Give notice** of this conference to any party not included in this notice and file proof of service;
   c. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. **File and serve** a completed Case Management Statement (use of Judicial Council Form CM-110 is <u>mandatory</u>) at least **15** days before the Case Management Conference (CRC 3.725)*

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person† (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

* Case Management Statements may be filed by E-delivery, by emailing them to the following address: **EDelivery@alameda.courts.ca.gov**. No fee is charged for this service. For further information, go to **Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb**.

†Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-883-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/06/2015.

By _____

Deputy Clerk

1    BRUCE NYE, SBN 77608
     GEORGES A. HADDAD, SBN 241785
2    GINA A. HARAN, SBN 225586
     ADAMS | NYE | BECHT | LLP
3    222 Kearny Street, Seventh Floor
     San Francisco, California 94108-4521
4    Telephone: (415) 982-8955
     Facsimile: (415) 982-2042
5    E-mail:    bnye@adamsnye.com
                ghaddad@adamsnye.com
6                gharan@adamsnye.com

7    Attorneys for Defendant
     WHIRLPOOL CORPORATION

8

            **E N D O R S E D**
            **F I L E D**
            ALAMEDA COUNTY

            MAR 30 2015

            CLERK OF THE SUPERIOR COURT
            By _____
                    MARISOL DIAZ Deputy

9                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                          COUNTY OF ALAMEDA

11

12   ALLSTATE INSURANCE COMPANY,              No. RG15760975

13                    Plaintiff,              **DEFENDANT WHIRLPOOL**
                                              **CORPORATION'S ANSWER TO**
14          vs.                               **PLAINTIFF'S COMPLAINT**

15   WHIRLPOOL CORPORATION and DOES
     1 to 20,
16
                      Defendants.             Complaint filed: March 3, 2015
17

18

19          Defendant Whirlpool Corporation (hereinafter "Whirlpool"), for itself alone, and for no other

20   party, answers the Plaintiff's Complaint by denying each and every allegation not specifically

21   admitted herein, and specifically answering as follows:

22          Pursuant to California Code of Civil Procedure, Section 431.30, Whirlpool Corporation denies

23   each of the allegations contained in the Complaint for Damages filed by Plaintiff and every cause of

24   action in it, and further denies that Plaintiff has been damaged in any sum or sums, or at all.

25                          **FIRST AFFIRMATIVE DEFENSE**

26          1.      Plaintiff's damages, if any, were caused in whole or in part by third persons and/or

27   entities outside of Whirlpool's control.

28   ///

                                              1
     DEFENDANT WHIRLPOOL CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

**SECOND AFFIRMATIVE DEFENSE**

2.     Plaintiff's insured is responsible in whole or in part for their damages by failing to properly maintain the product, by tampering with the product or by misusing the product for a significant period of time.

**THIRD AFFIRMATIVE DEFENSE**

3.     The subject product was not defective or unreasonably dangerous and was not the actual or proximate cause of the Plaintiff's alleged damages.

**FOURTH AFFIRMATIVE DEFENSE**

4.     Plaintiff's insured were comparatively negligent and such negligence contributed to or caused the incident and damages complained of in the Plaintiff's Complaint. Due to this comparative negligence, Plaintiff's claims for damages against Whirlpool should be barred or proportionately reduced by the degree of comparative negligence on the part of the Plaintiff or its insured.

**FIFTH AFFIRMATIVE DEFENSE**

5.     Any damages sustained by the Plaintiff allegedly as a result of the incident described in the Plaintiff's Complaint were caused solely by the intervening / superseding negligence, fault or want of care on the part of third parties other than Whirlpool.

**SIXTH AFFIRMATIVE DEFENSE**

6.     Plaintiff is barred from recovery because the product referred to in the Plaintiff's Complaint was not in the same condition as when it left the custody, control and possession of Whirlpool, since subsequent and substantial changes, modifications and/or alterations which occurred before the alleged incident in question were the proximate and legal cause of the incident and damages alleged in the Plaintiff's Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

7.     Plaintiff failed to mitigate its damages, if any, as required by law and any recovery and/or damages should be barred or proportionally reduced therein.

**EIGHTH AFFIRMATIVE DEFENSE**

8.     Plaintiff's claims are barred because the writings accompanying the subject product at issue disclaim, limit, and/or exclude certain warranties.

1

## NINTH AFFIRMATIVE DEFENSE

2      9.      Plaintiff's claims are barred by the assumption of the risk.

3

## TENTH AFFIRMATIVE DEFENSE

4      10.      Plaintiff's claims are barred by the doctrines of spoliation, waiver, estoppel, laches

5  and/or unclean hands.

6

## ELEVENTH AFFIRMATIVE DEFENSE

7      11.      Plaintiff's insured was advised, informed, and warned of any alleged risks and hazards

8  attendant to the normal and foreseeable use of the product described in Plaintiff's Complaint,

9  Plaintiff's insured failed to follow the warnings, and said failure proximately caused and contributed

10  to Plaintiff's alleged injuries and damages, if any.

11

## TWELFTH AFFIRMATIVE DEFENSE

12      12.      Any and all systems and design of the product at issue were within the state of the art

13  at the time of manufacture and initial sale; the product complied with all industry standards at the time

14  of manufacture and initial sale; and the product did not present an unreasonable risk to the user or

15  those who might be affected by the product; therefore, Plaintiff is barred from recovery.

16

## THIRTEENTH AFFIRMATIVE DEFENSE

17      13.      Plaintiff's damages, if allowed, are limited to the actual cash value of any damages

18  allegedly proximately caused by an alleged defect in Whirlpool's product.

19

## FOURTEENTH AFFIRMATIVE DEFENSE

20      14.      Whirlpool reserves the right to assert any additional affirmative defenses based upon

21  further discovery and/or adopt those applicable affirmative defenses asserted by any other defendant

22  herein.

23      WHEREFORE, Defendant Whirlpool Corporation prays as follows:

24      (1)      Plaintiff takes nothing by way of its Complaint for Damages;

25      (2)      For judgment in favor of Whirlpool Corporation;

26      (3)      For its costs; and,

27      (4)      For such other and further relief as the court deems proper.

28  / / /

DEFENDANT WHIRLPOOL CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

Pursuant to California Code of Civil Procedure section 631, Whirlpool hereby gives notice of

its request for trial by jury.

DATED:  March 30, 2015                    ADAMS | NYE | BECHT | LLP


By:      _Gina L. Hare_____
                    BRUCE NYE
                    GEORGES A. HADDAD
                    GINA A. HARAN
                Attorneys for Defendant
                WHIRLPOOL CORPORATION

DEFENDANT WHIRLPOOL CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**

I am over the age of eighteen years, not a party to the above-captioned matter, and employed by Adams | Nye | Becht  LLP at 222 Kearny Street, Seventh Floor, San Francisco, California, where the service described below took place on the date set forth below.

**Person(s) Served:**

See attached "**Service List.**"

**Document Served:**

**DEFENDANT WHIRLPOOL CORPORATION'S ANSWER
TO PLAINTIFF'S COMPLAINT**

**Manner of Service:**

[X]  **Mail:** I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service: such correspondence is deposited with the United States Postal Service on the same day in the ordinary course of business in the county where I work.  On the date set forth below, at my place of business, following ordinary business practices, I placed for collection and mailing by deposit in the United States Postal Service a copy of each Document Served, enclosed in a sealed envelope, with the postage thereon fully prepaid, each envelope being addressed to one of the Person(s) Served, in accordance with Code of Civil Procedure 1013(a).

[ ]  **Facsimile:** I transmitted by facsimile a copy of each Document Served mentioned above to each Person Served mentioned above pursuant to Code of Civil Procedure 1013(e).

[ ]  **Personal service:** I caused a copy of each Document Served to be hand delivered to each Person Served pursuant to Code of Civil Procedure 1011.  If required, the actual server's original proof of personal service will be filed with the court.

[ ]  **Express Mail (U.S. Post Office):** I deposited in a post office, mailbox, or other like facility regularly maintained by the United States Postal Service for receipt of Express Mail a copy of each Document Served in a sealed envelope with Express Mail postage paid, each envelope being addressed to each Person Served as mentioned above in accordance with Code of Civil Procedure 1013(c).

[ ]  **Express Mail (other express service carrier):**  I deposited in a box or other like facility regularly maintained by an express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, a copy of each Document Served in an envelope or package designated by the express service carrier with delivery fees paid or provided for, each envelope being addressed to each Person Served in accordance with Code of Civil Procedure 1013 (c).

[ ]  **Electronic service:**  I caused a copy of each Document Served to be electronically served via File & ServeXpress on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:   March 30 , 2015

_Fern Marder_
Fern Marder

5

DEFENDANT WHIRLPOOL CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

1

**SERVICE LIST**

| Eric M. Schroeder | Attorney for Allstate Insurance Company |
|---|---|
| Culbreth Schroeder LLP | |
| 2945 Ramco Street, Suite 110 | Tel:    (916) 438-8300 |
| West Sacramento, CA  95691 | Fax:   (916) 438-8306 |

DEFENDANT WHIRLPOOL CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

# EXHIBIT B

1  BRUCE NYE, SBN 77608
   GEORGES A. HADDAD, SBN 241785
2  GINA A. HARAN, SBN 225586
   ADAMS | NYE | BECHT | LLP
3  222 Kearny Street, Seventh Floor
   San Francisco, California 94108-4521
4  Telephone: (415) 982-8955
   Facsimile:  (415) 982-2042
5  E-mail:    bnye@adamsnye.com
              ghaddad@adamsnye.com
6              gharan@adamsnye.com

7  Attorneys for Defendant
   WHIRLPOOL CORPORATION

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF ALAMEDA

11

12  ALLSTATE INSURANCE COMPANY,          No. RG15760975

13              Plaintiff,               **NOTICE OF REMOVAL
                                         TO FEDERAL COURT**
14        vs.
    WHIRLPOOL CORPORATION and
15  DOES 1 to 20,

16              Defendants.              Complaint filed: March 3, 2015

17

18  TO PLAINTIFF ALLSTATE INSURANCE COMPANY AND TO ITS ATTORNEYS OF

19  RECORD:

20        PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United

21  States District Court for the Northern District of California on March 31, 2015.

22        A copy of the Notice of Removal is attached as Exhibit A to this Notice, and is served and

23  filed herewith.

24  DATED: March 31, 2015                 ADAMS | NYE | BECHT | LLP

25

26                             By:  _____
                                         BRUCE NYE
27                                       GEORGES A. HADDAD
                                         GINA A. HARAN
28                                  Attorneys for Defendant
                                    WHIRLPOOL CORPORATION

                                    1
                     NOTICE OF REMOVAL TO FEDERAL COURT

**PROOF OF SERVICE**

I am over the age of eighteen years, not a party to the above-captioned matter, and employed by Adams | Nye | Becht  LLP at 222 Kearny Street, Seventh Floor, San Francisco, California, where the service described below took place on the date set forth below.

**Person(s) Served**:

See attached "**Service List**."

**Document Served**:

**NOTICE OF REMOVAL TO FEDERAL COURT**

**Manner of Service**:

[X]   **Mail:**  I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service: such correspondence is deposited with the United States Postal Service on the same day in the ordinary course of business in the county where I work.  On the date set forth below, at my place of business, following ordinary business practices, I placed for collection and mailing by deposit in the United States Postal Service a copy of each Document Served, enclosed in a sealed envelope, with the postage thereon fully prepaid, each envelope being addressed to one of the Person(s) Served, in accordance with Code of Civil Procedure 1013(a).

[ ]   **Facsimile:** I transmitted by facsimile a copy of each Document Served mentioned above to each Person Served mentioned above pursuant to Code of Civil Procedure 1013(e).

[ ]   **Personal service:** I caused a copy of each Document Served to be hand delivered to each Person Served pursuant to Code of Civil Procedure 1011.  If required, the actual server's original proof of personal service will be filed with the court.

[ ]   **Express Mail (U.S. Post Office):** I deposited in a post office, mailbox, or other like facility regularly maintained by the United States Postal Service for receipt of Express Mail a copy of each Document Served in a sealed envelope with Express Mail postage paid, each envelope being addressed to each Person Served as mentioned above in accordance with Code of Civil Procedure 1013(c).

[ ]   **Express Mail (other express service carrier):**  I deposited in a box or other like facility regularly maintained by an express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, a copy of each Document Served in an envelope or package designated by the express service carrier with delivery fees paid or provided for, each envelope being addressed to each Person Served in accordance with Code of Civil Procedure 1013 (c).

[ ]   **Electronic service:**  I caused a copy of each Document Served to be electronically served via File & ServeXpress on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:     March _____, 2015

_____
Fern Marder

2

NOTICE OF REMOVAL TO FEDERAL COURT

1

**SERVICE LIST**

2

| Eric M. Schroeder<br>Culbreth Schroeder LLP<br>2945 Ramco Street, Suite 110<br>West Sacramento, CA  95691 | Attorney for Allstate Insurance Company<br><br>Tel:   (916) 438-8300<br>Fax:   (916) 438-8306 |
|---|---|

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL TO FEDERAL COURT